WILLIAM C. HUNTOON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12089. Promulgated November 27, 1928.

*Wilfred L. Hagerty, C. P. A.*, for the petitioner.
*F. R. Shearer, Esq.*, for the respondent.

OPINION.

ARUNDELL: The respondent determined a deficiency in income taxes in the amount of $2,112.22 for the year 1921, by including in petitioner's income the amount of $24,900 as a dividend taxable under section 201(d) of the Revenue Act of 1921. The inclusion of this amount in income is alleged by the petitioner to be erroneous.

The only material facts alleged by the petitioner and admitted by the respondent are that on January 5, 1921, petitioner owned 249 shares of stock in the Huntoon & Gorham Co.; that on that date the corporation declared a 100 per cent stock dividend which was distributed to the holders of the 254½ shares of stock; that petitioner endorsed his certificate for the 249 dividend shares in blank and surrendered it to the corporation, together with certificates for 115 additional shares, and the corporation thereupon credited him with

$36,400 to offset a note he had given in 1920 upon the sale to him of the stockholdings of the corporation in another company.

Petitioner's evidence consists of the deposition of an officer of the Huntoon & Borham Co. whose testimony of about five pages is devoted mainly to attempting to show the number of shares of capital stock outstanding at January 5, 1921. The testimony on this point, far from clearing up the matter, further confuses it. At one place the witness says that just prior to the declaration of the stock dividend there were 445 shares outstanding; at another place he testifies that the correct number was 284½ shares, and again his testimony is that 316½ shares were outstanding. He further testified that the 100 per cent stock dividend was paid on only 254½ shares and not on the 316½ shares. Testimony was offered to the effect that the balance of the surplus account at January 1, 1913, was $14,285.73, and at January 1, 1921, it was $37,250.16; that the books of the corporation showed a profit for 1913 of $4,956.62. On petitioner's income-tax return for 1913, which was placed in evidence by the respondent, net income was reported in the amount of $4,654.52.

From the record as thus made all that is clear is that petitioner received a stock dividend in 1921 consisting of 249 shares of stock, which, with some additional stock, he turned in to the corporation and thereupon his indebtedness in the amount of $36,400 was canceled. This not only fails to overcome the presumption that the respondent's finding was correct, but tends to support it. The earned surplus accumulated since March 1, 1913, down to January 1, 1921, as contended for by petitioner, was $22,964.95 and the amount taxed by respondent as a dividend to petitioner was $24,900. The figures given by petitioner of the surplus are book figures only and there is no evidence to show the amount of earnings or profits accumulated after February 28, 1913. Petitioner's showing is not sufficient to warrant an overturning of respondent's determination in this particular.

Reviewed by the Board.

*Judgment will be entered for the respondent.*